IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-106-F

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
    v.                               )            O R D E R
                                     )
$3,735.00 IN U.S. CURRENCY and       )
$13,700.00 IN U.S. CURRENCY,         )
                                     )
            Defendants.              )

This matter comes before the court on the motions of Plaintiff United States of America ("Plaintiff") to compel responses to its first set of discovery requests [DE-21] and to extend the period of discovery in this matter [DE-23]. The time for filing a response has expired and, accordingly, the motions are ripe for review. For the reasons set forth below, Plaintiff's motions are allowed.

## BACKGROUND

On March 13, 2015, Plaintiff filed its complaint in this matter *in rem* seeking the forfeiture of United States Currency in the amounts of $3,735.00 and $13,700.00 ("Defendants") pursuant to 21 U.S.C. § 881(a)(6). [DE-1] ¶¶ 1, 3. Plaintiff alleges Defendants were used, or intended to be used, in exchange for controlled substances, or represent proceeds of trafficking in controlled substances, or were used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and are therefore subject to forfeiture to Plaintiff pursuant to 21 U.S.C. § 881(a)(6). *Id.* ¶ 7. Plaintiff alleges the potential claimants in this action are Anthony Donte Mann, Earl Green and Vernell Turner Mann. *Id.* ¶ 5. On May 7, 2015, through counsel,

Claimant Vernell Turner Mann ("Claimant Mann") filed a claim for the seized $3,375.00 in U.S. Currency, and a combined answer and motion to dismiss. [DE-9, -10]. Claimant Mann asserts that the $3,735.00, which he obtained legally, is not subject to seizure or forfeiture and was unlawfully seized. *Id.* On May 7, 2015, through counsel, Claimant Earl Thomas Green ("Claimant Green") filed a claim for the seized $13,700.00 in U.S. Currency, and a combined answer and motion to dismiss. [DE-11, -12]. Claimant Green asserts that the $13,700.00, which he obtained legally, is not subject to seizure or forfeiture and was unlawfully seized. *Id.* On June 24, 2015, the court denied Claimants' motions to dismiss without prejudice for failure to comply with a directive of the Clerk of Court informing counsel of a deficiency regarding the motions to dismiss. [DE-17].

On August 20, 2015, the court entered a scheduling order setting forth the following relevant case deadlines: (1) all discovery to be completed by November 1, 2015; (2) all potentially dispositive motions to be filed by December 1, 2015; and (3) the trial of this matter to be scheduled for Judge Fox's March 28, 2016 term of court in Wilmington, North Carolina. [DE-20].

On October 28, 2015, Plaintiff filed a motion to compel Claimants Mann and Green to respond to its written discovery requests [DE-21] and a motion to extend the time to complete discovery in this matter. [DE-23]. Neither Claimant has filed a response to Plaintiff's motion. According to its motion to compel, Plaintiff served Claimants Mann and Green each with a set of interrogatories and requests for documents on August 24, 2015. Exs. A-D [DE-22-1 through 22-4]. These written discovery requests seek information about each Claimant's criminal history, sources of income, employment history, assets, financial institutions, liabilities, and other information related to each Claimant's contention that the monies seized were legitimate funds, not illegal drug proceeds and therefore were not subject to seizure. *Id.* Claimants Mann and Green each failed to respond to

2

Plaintiff's interrogatories and requests for documents. Plaintiff contends that Claimants' responses to its written discovery requests are needed in order for Plaintiff to conduct effective depositions of Claimants and to further litigate this matter. Plaintiff contends further that Claimants' delay in responding to the discovery has allowed the discovery deadline in this matter to elapse while discovery remains incomplete. Neither Claimant has moved to extend the time in which to respond to Plaintiff's discovery requests nor has either sought any other relief from the court relative to discovery.

Plaintiff requests that the court compel full and complete responses to the interrogatory and document requests within 20 days and that failing compliance by a certain date, strike Claimants' claims. In addition, Plaintiff requests that the court extend the discovery period for 90 days.

## ANALYSIS

### A.    Applicable Legal Standards

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 37 allows for the filing of a motion to compel where a party fails to respond to written discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal

3

construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98–CV–62–BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000) (unpublished).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (unpublished) (internal quotation marks, alterations and citations omitted); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). The district court has broad discretion to determine relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

**B.    Plaintiff's Motions**

Claimants Mann and Green have each failed to respond to Plaintiff's interrogatory and document requests and have failed to seek an extension of time within which to do so, nor has either sought any protection from the court from having to respond to such discovery. Having failed to respond to Plaintiff's motion to compel, Claimants do not dispute Plaintiff's contentions. The court therefore finds that Claimants have failed to comply with their discovery obligations as Plaintiff contends. *See Bazzi v. M'Bai*, No. 5:11-CV-353-H, 2013 WL 3818114, at *2 (E.D.N.C. July 22, 2013) (unpublished); *United States v. $11,609.00 in U.S. Currency*, No. 4:10-CV-93-F, 2011 WL 4965023, at *1 (E.D.N.C. Oct. 19, 2011) (unpublished); *United States v. $118,000.00 in U.S. Currency*, No. 5:08-CV-566-F, 2011 WL 1675179, at *2 (E.D.N.C. May 3, 2011) (unpublished).

4

The court has reviewed Plaintiff's discovery requests and finds them to be within the permissible scope of discovery. The court therefore ALLOWS Plaintiff's motion compelling Claimants Mann and Green each to respond to Plaintiff's interrogatories and requests for documents. **Subject to valid claims of privilege, as discussed below, Claimants each shall serve on Plaintiff by January 26, 2016 complete responses to Plaintiff's interrogatories and requests for documents.**

Because Claimants failed to respond to Plaintiff's discovery requests in a timely manner, any objections Claimants may have to the relevance or scope of the discovery are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Bazzi*, 2013 WL 3818114, at *3; *$118,000.00 in U.S. Currency*, 2011 WL 1675179, at *2. Despite Claimants' lack of objection, the court will permit Claimants to assert any valid claim privilege in their responses to the interrogatories and document production requests. **However, Claimants are cautioned that in order to validly claim a privilege, Claimants must expressly assert it in response to the particular discovery request involved and serve with their discovery responses a privilege log in conformance with Rule 26(b)(5)(A). Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed.**

Plaintiff has also requested that the discovery deadline be extended in this case. In light of Claimants' failure to respond to Plaintiff's discovery requests, amendment to the scheduling order is warranted. The Court finds good cause to extend the discovery deadline to allow Claimants to comply with the Court's order and to allow Plaintiff to complete any additional discovery based on Claimants' responses. Accordingly, discovery shall be completed no later than **March 15, 2016,**

5

dispositive motions shall be filed no later than **April 14, 2016,** and the trial of this matter shall be continued to U.S. District Judge James C. Fox's **August 1, 2016** term of court.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to compel [DE-21] and motion for an extension of time [DE-23] are ALLOWED. Claimants are hereby ORDERED to serve their responses to Plaintiff's interrogatories and document requests no later than January 26, 2016. Claimants are each **cautioned that a failure to comply with this order may result in sanctions, which may include striking Claimant's claim and answer, pursuant to Rule 37.** *See $11,609.00 in U.S. Currency*, 2011 WL 4965023, at *2.

So ordered the 5th day of January 2016.

Robert B. Jones, Jr.
United States Magistrate Judge